

IN THE UNITED STATED DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

CHERIE FERGUSON                                                           PLAINTIFF

VS.                                                Civil Action No.: *1:20CV110HSO-JCG*

MEGAN J. BRENNAN, POSTMASTER
GENERAL, UNITED STATES POSTAL SERVICE                      DEFENDANT

<u>**COMPLAINT**</u>
<u>**JURY TRIAL DEMANDED**</u>

COMES NOW PLAINTIFF, Cherie Ferguson, by and through her attorney of record, Benjamin U. Bowden of Vaughn & Bowden, PA, and files this her Complaint against defendant herein, Megan J. Brennan, United States Postal Service (hereinafter U.S.P.S.) and would state as follows, to wit:

I.      <u>PARTIES</u>

1.      Plaintiff is an adult resident citizen of Biloxi, Jackson County, Mississippi, and at all times relevant hereto, was an employee of the U.S.P.S.

2.      Defendant, U.S.P.S., is "An independent establishment of the Executive Branch of the Government of the United States, "with power to be sued in its official name."   39 USC § 201, 401(1), and 409.

3.      Defendant, Megan J. Brennan is the Postmaster General and Chief Executive Officer of the United States Postal Service, an instrumentality of the United States Federal Government.

1

## JURISDICTION

4.      This Court has jurisdiction in this case pursuant to 28 U.S.C. §1331, as this action involves laws of the United States (federal question).   Further, this case involves a violation of rights as this case is filed pursuant to 42 U.S.C. §1983. Further, this Court has jurisdiction pursuant to 39 §403(c).

5.      The Plaintiff would show that she has exhausted her administrative remedies as the U.S.P.S. EEO Administrative Judge issued her ruling Granting *Agency's Motion for a Decision without a Hearing* (Summary Judgment) on January 14, 2020, and Agency filed *Agency's Motion for a Decision without a Hearing* was issued on November 20, 2019. Therefore, this matter is ripe for filing before this honorable court.

## II.      BACKGROUND

6.      Plaintiff herein is a thirty-three (33) year employee of Defendant, U.S.P.S. In approximately 2012, Plaintiff filed an EEO charge alleging discrimination based upon race. Plaintiff ultimately decided not to pursue said charge. However, thereafter, Plaintiff asserts that this prior EEO activity, as well as ongoing racial bias towards Plaintiff resulted in additional racial discrimination as well as retaliation. This retaliation/discrimination consisted of Plaintiff on two occasions being denied promotion into a Manager Post Office Operations EAS-23 position for which she applied. Additionally, Plaintiff was denied assistance in dealing with her subordinates' supervisor. Further, implementation of Plaintiff's selection of a Supervisor Customer

2

Service position was unnecessarily and unreasonably delayed. Plaintiff was also subjected to repeated harassment and bullying from which management failed to address and correct, and, in fact, management instigated and participated. Further, Plaintiff was subject to unwarranted allegations of racial prejudice. These allegations were made between Plaintiff's African-American co-workers and supervisors through email accusing Plaintiff of racial bigotry, and make clear that Plaintiff was being ostracized by her African-American co-workers and supervisors.

## PATTERN OF DISCRIMINATION

7.      Plaintiff would assert that all these above referenced actions on the part of the United States Postal Service, through its employees and agents, amount to a pattern and practice of discrimination, retaliation and harassment against Plaintiff, and should be considered in a cumulative context.

WHEREFORE, PREMISES CONSIDERED, Plaintiff would pray for the following relief:

a) Equitable relief in the form of re-instatement or front pay, along with all back pay and benefits, and any other equitable relief to which he may be entitled to receive from Defendant, both for acts and omissions on the part of Defendant as alleged herein;

b) Compensatory and/or punitive damages directed against Defendant in a sum sufficient to meet any jurisdiction requirements and in an amount to be decided

by a jury as provided by law, for the embarrassment, humiliation, pain and suffering, and mental anguish sustained by Plaintiff, both for the acts and omissions on the part of Defendant as alleged herein;

c)  Reasonable attorney's fees pursuant to 42 U.S.C. § 2000 et seq., as amended, pursuant to the 1991 Civil Rights Act, the Civil Rights Attorney's Fees Award Act of 42 U.S.C. 1988;

d)  All costs of court incurred herein, as well as all prejudgment and post judgment interest as allowed by law.

RESPECTFULLY SUBMITTED this, the 23rd of March, 2020.

BY: _____

BENJAMIN U. BOWDEN, ESQ. (MSB 3733)
VAUGHN & BOWDEN, PA
8927 Lorraine Road, Suite 204-B
Gulfport, Mississippi 39503
Telephone: (228) 896-5652
Facsimile: (228) 896-5689
Email: bowden@vaughnbowden.com
*Attorney for Plaintiff Cherie Ferguson*